IN THE UNITED STATE DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. _____

| | |
|---|---|
| JOHN P. BAILEY, <br> PAUL W. MICHAEL, JR. and wife, <br> SHERYL S. MICHAEL, <br> E. THOMPSON BROWN, <br> TODD A. EDGAR and wife, <br> BABETTE S. EDGAR, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF DARE, NORTH CAROLINA, <br><br> Defendant. | COMPLAINT |

NOW COME the Plaintiffs, John P. Bailey, Paul W. Michael, Jr., and wife, Sheryl S. Michael, E. Thompson Brown, and Todd A. Edgar and wife, Babette S. Edgar, by and through their undersigned counsel, and hereby raise the following complaints against the Defendant, County of Dare, North Carolina:

### INTRODUCTION

1. This action is brought by Plaintiffs who seek to protect their right to travel, to engage in a common calling or occupation, and to obtain medical treatment as is guaranteed to them as citizens of the United States by the Privileges and Immunities Clause, Art. IV, § 2, cl. 1, of the United States Constitution.

2. The County of Dare has purportedly enacted a State of Emergency in connection with the outbreak of the COVID-19 virus. As part of the State of Emergency, the Defendant has

prohibited the entry of non-resident visitors and non-resident property owners. The Defendant does allow residents living in Dare County, as well as, the counties of Currituck, Hyde, and Tyrrell, to enter Dare County.

3. The Plaintiffs own property in Dare County. Plaintiffs Brown and Michael are using the properties as a second home. Plaintiff Bailey, Brown, and Edgar are using their property for rental purposes. The Plaintiffs, E. Thompson Brown and Paul W. Michael, Jr., and wife, Sheryl S. Michael, are residents of the State of Virginia. The Plaintiffs, Todd A. Edgar and wife, Babette S. Edgar, are residents of the State of Maryland. The Plaintiff John P. Bailey is a resident of the State of South Carolina.

4. As the Plaintiffs are not legal residents of the State of North Carolina, they are precluded from entering Dare County by the State of Emergency Declaration. This prohibition on the entry of out of State residents who own property in Dare County is in violation of the Privileges and Immunities Clause, Art. IV, § 2, cl. 1 of the United States Constitution.

5. In addition to the Constitutional violation, the Dare County State of Emergency Declaration was enacted in accordance with Chapter 92 of the Dare County Code of Ordinances. Chapter 92 of the Dare County Code of Ordinances was enacted pursuant to a resolution which amended the Dare County Code of Ordinances. Under Chapter 166A of the North Carolina General Statutes, an Emergency Management Ordinance must be enacted by ordinance, and not by resolution. The Dare County State of Emergency Declaration is therefore an *ultra vires* act of the County as it was not lawfully enacted in accordance with a valid Emergency Management Ordinance.

6. The Plaintiffs seek a declaratory order and a preliminary and permanent injunction

barring the Defendant from unconstitutionally prohibiting the enter of the Plaintiffs, and further declaring that the Dare County State of Emergency Declarations are *ultra vires* and unenforceable.

## THE PARTIES

*Plaintiffs*

7. The Plaintiff, John P. Bailey, is a natural person, a citizen of the United States, and a resident of the State of South Carolina. Plaintiff Bailey uses his property as a rental property.

8. The Plaintiff, E. Thompson Brown, is a natural person, a citizen of the United States, and a resident of the State of Virginia. Plaintiff Brown uses one of his properties in Dare County, North Carolina as a second residence, and the remainder of his properties are rental properties.

9. The Plaintiffs, Paul W. Michael, Jr., and wife, Sheryl S. Michael, are natural persons, citizens of the United State, and residents of the State of Virginia. The Michael plaintiffs jointly own their property as husband and wife and use their property located in Dare County as a second residence.

10. The Plaintiffs, Todd A. Edgar and wife, Babette S. Edgar, are natural persons, citizens of the United States, and residents of the State of Maryland. These plaintiffs jointly own property as husband and wife in Dare County, North Carolina and use their property as rental property.

## DEFENDANT

11. The Defendant, County of Dare, North Carolina, is a local government and a political

subdivision of the State of North Carolina. The County is a "person" within the meaning of 42 U.S.C. § 1983, and at all relevant times, has been acting under color of state law.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and 42 U.S.C. §§ 1983 and 1988, as this action seeks to redress the deprivation under color of the laws, statutes, ordinances, regulations, customs, and usages of the State of North Carolina, of the rights, privileges or immunities secured by the United States Constitution and, in particular, the Privileges and Immunities Clause, Art IV, § 2, cl. 1. As to the State law claim, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

13. Venue lies in this Court under 28 U.S.C. § 1391, as the events giving rise to Plaintiffs' causes of action arose or exist in this district in which the action is brought.

## STATEMENT OF FACTS

14. The County of Dare is a county located in the State of North Carolina, and governed by a Board of Commissioners, all of which are legal residents of Dare County.

15. On December 3, 2012, the Dare County Board of Commissioners adopted a resolution amending Chapter 92, Emergency Management, of the Dare County Code of Ordinances. A copy of the Resolution is filed herewith as Exhibit 1.

16. On March 16, 2020, the County of Dare declared a State of Emergency due to the COVID-19 virus. This State of Emergency was amended by a second declaration on March 20, 2020 which prohibited the entry of non-resident visitors and the entry of non-resident property owners. Due to this second declaration, the Plaintiffs who are residents of the States of Virginia and Maryland, but own property in Currituck or Dare Counties, were unable to lawfully enter

Dare County. A copy of this second declaration is filed herewith as Exhibit 2.

17. After the second declaration, "check points" were established to prevent the entry of non-residents. In order to enter Dare County through a check point, a person had to have a "Permanent Resident Entry Permit" or a valid North Carolina driver's license, or other government-issued identification, showing a Dare, Currituck, Hyde, or Tyrrell county address.

18. Residents of Dare, Currituck, Hyde, or Tyrrell counties are allowed entry to Dare County to conduct business, work, or attend medical appointments. No one from Dare, Currituck, Hyde, or Tyrrell counties are denied entry into Dare County with the identification described in paragraph 14. A copy of the Dare County web page showing the restrictions imposed by the County is filed herewith as Exhibit 3.

19. Effective March 28, 2020, a third Declaration was enacted by the Chairman of the Dare County Board of Commissioners which continued in effect the previous prohibitions on entry of Dare County by non-resident visitors and property owners. The declaration further implemented stay at home restrictions on "all individuals anywhere in Dare County". A copy of this third declaration is filed herewith as Exhibit 4.

20. The Plaintiffs, John P. Bailey, E. Thompson Brown, and Todd A. Edgar and wife, Babette S. Edgar are owners of rental properties in Dare Counties and will be unable to prepare the properties for the spring and summer rental season if they are unable to enter Dare County. This will preclude the Plaintiffs' pursuit of a common calling.

## DECLARATORY JUDGMENT ALLEGATIONS

21. Plaintiffs hereby incorporate by reference the allegations set forth above as though fully set forth herein.

22. There is an actual and present controversy between the parties. Plaintiffs contend that the actions of Dare County in enacting and enforcing its State of Emergency declarations are unconstitutional, *ultra vires*, and without lawful authority. Plaintiffs therefore seek a judicial declaration that the actions of Defendant challenged in this Complaint violate Plaintiffs' constitutional rights and are illegal *ultra vires* actions as more specifically alleged in this Complaint.

## INJUNCTIVE RELIEF ALLEGATIONS

23. Plaintiffs hereby incorporate by reference the allegations set forth above as though fully set forth herein.

24. Plaintiffs have suffered and are continuing to suffer injury from the challenged actions of Defendant, Dare County, as those actions violate the Plaintiffs' rights under the Privileges and Immunities Clause by prohibiting Plaintiffs' right to travel in the State of North Carolina, to engage in a common calling, and to obtain medical treatment in Dare County. Each of these rights are specifically given to the residents of Dare, Currituck, Hyde, and Tyrrell counties, but are denied the Plaintiffs as they are out of State residents.

25. If not enjoined by this Court, Dare County will continue to discriminate against the Plaintiffs, and deprive them of their Constitutional rights. The Plaintiffs will suffer irreparable injury due to this deprivation of Constitutional rights.

26. Plaintiffs have no plain, speedy, and adequate remedy at law. Damages would not fully redress any harm suffered by Plaintiffs because they are unable to engage in constitutionally protected activity.

27. Plaintiffs thus seek an injunction barring the Defendant from enforcing its State of

Emergency Declarations prohibiting the entry of out of State residents who do not reside in Dare, Currituck, Hyde, and Tyrrell counties.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983
## (Privileges and Immunities Clause)

28. Plaintiffs hereby incorporate by reference the allegations set forth above as though fully set forth herein.

29. There is an actual and present controversy between the parties concerning the constitutionality of Dare County's State of Emergency Declarations prohibiting the entry of out of State residents who do not reside in Dare, Currituck, Hyde, and Tyrrell counties.

30. While the residents of Dare, Currituck, Hyde, and Tyrrell counties have the right to travel in Dare County, to engage in a common calling, and to obtain medical treatment in Dare County, the Plaintiffs are prohibited from engaging in these activities solely because they are residents of another State.

31. The Privileges and Immunities Clause, Art. IV, § 2, cl. 1 of the United States Constitution provides that "The citizens of each State shall be entitled to all the Privileges and Immunities of Citizens in the several States". The Privileges and Immunities Clause is applicable to actions taken by local governments.

32. The State of Emergency Declarations of Dare County are subject to strict scrutiny, and could not survive under a strict scrutiny analysis as the Declarations are not narrowly tailored as applied to the Plaintiffs to serve the government's interest in public safety and excessively intrude upon Plaintiffs' rights under the Privileges and Immunities Clause by effectively banning

them from engaging in conduct that is Constitutionally Protected.

33. Plaintiffs thus seek a declaratory judgment that the State of Emergency Declarations of the Defendant are unconstitutional as applied to the Plaintiffs, in so far, as they prohibit out of State residents from entering Dare County. Further, Plaintiffs seek an order enjoining the Defendant from enforcing its unconstitutional State of Emergency Declarations.

**SECOND CLAIM FOR RELIEF**
**Emergency Management Ordinance**

34. Plaintiffs hereby incorporate by reference the allegations set forth above as though fully set forth herein.

35. In order to impose prohibitions and restrictions under a state of emergency declaration, N.C. Gen. Stat. § 166A-19.31 requires that a county must first adopt an ordinance which sets forth the types of restrictions and prohibitions allowed.

36. The Defendant has failed to adopt such an ordinance. The Defendant did adopt a resolution "amending Chapter 92" of its code of ordinances to include Emergency Management. However, a resolution is not an ordinance. *Pittman v. Wilson Cty.*, 839 F.2d 225, 228 (4th Cir. 1988). Also, in order to amend an ordinance, an instrument of equal dignity, another ordinance, must be passed. See, § 21:4. *Method*, 6 McQuillin Mun. Corp. § 21:4 (3d ed.). Thus, the Defendant failed to properly adopt Chapter 92, Emergency Management.

37. There is no direct grant of power to a county to enact restrictions in a state of emergency declaration. There must be a valid ordinance to impose restrictions such as those included in the State of Emergency Declarations enacted by the Defendant. As the Defendant failed to properly adopt its Emergency Management Ordinance, the State of Emergency

Declarations including their restrictions and prohibitions on entry into Dare County are invalid and *ultra vires*.

38. The sovereign or governmental immunity of the Defendant does not bar this action.

39. Plaintiffs thus seek a declaratory judgment that the State of Emergency Declarations of the Defendant are invalid and *ultra vires* in that the Declarations were enacted pursuant to an improperly adopted and invalid ordinance. Further, Plaintiffs seek an order enjoining the Defendant from enforcing its *ultra vires* State of Emergency Declarations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray the Court as follows:

1. That the Court grant a declaratory judgment that the State of Emergency Declarations adopted by the Defendant prohibiting the entry of out of State residents into Dare County is unconstitutional as applied to the Plaintiffs in that the Declarations violate the Privileges and Immunities Clause, Art. IV, § 2, cl. 1 of the United State Constitution, and Plaintiffs are entitled to relief pursuant to 42 U.S.C. § 1983.

2. That the Court grant a declaratory judgment that the State of Emergency Declarations adopted by the Defendant prohibiting the entry of out of State residents into Dare County are invalid and *ultra vires* in that they were enacted pursuant to an improperly adopted and invalid ordinance.

3. That a preliminary and a permanent injunction issue against the Defendant, County of Dare, North Carolina, enjoining the enforcement of the State of Emergency Declarations prohibiting the entry of out of State residents into Dare County.

4. An award of nominal damages against Defendants, pursuant to 42 U.S.C. § 1983 and

any other applicable law, for violating Plaintiffs' constitutional rights.

5. Attorney's fees and costs pursuant to 42 U.S.C. § 1988 and N.C. Gen. Stat. § 6-21.7.

6. Such other and further relief as the Court deems mete and proper.

This the 7th day of April, 2020.

      KITCHEN & TURRENTINE, PLLC

      /s/ S. C. Kitchen
      S. C. Kitchen
      920-C Paverstone Dr.
      Raleigh, NC 27615
      Email: ckitchen@ktlawnc.com
      Phone: (888) 308-3708
      Fax: (888) 308-3614
      N.C. Bar No. 9309

-10-

Case 2:20-cv-00020-FL   Document 1   Filed 04/07/20   Page 10 of 10