IN THE UNITED STATE DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:20-cv-20

| | |
|---|---|
| JOHN P. BAILEY,<br>PAUL W. MICHAEL, JR. and wife,<br>SHERYL S. MICHAEL,<br>E. THOMPSON BROWN,<br>TODD A. EDGAR and wife,<br>BABETTE S. EDGAR,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF DARE, NORTH<br>CAROLINA,<br><br>    Defendant. | VERIFIED<br>MOTION FOR<br>PRELIMINARY INJUNCTION |

NOW COME the Plaintiffs, John P. Bailey, Paul W. Michael, Jr. and wife, Sheryl S. Michael, E. Thompson Brown, Todd A. Edgar and wife, Babette S. Edgar, by and through their undersigned counsel, and move this Court for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a). The grounds in support of this Motion are as follows:

1. The Plaintiffs are all out of State residents. The Plaintiffs, E. Thompson Brown and Paul W. Michael, Jr., and wife, Sheryl S. Michael, are residents of the State of Virginia. The Plaintiffs, Todd A. Edgar and wife, Babette S. Edgar, are residents of the State of Maryland. The Plaintiff John P. Bailey is a resident of the State of South Carolina.

2. The Plaintiffs are non-resident property owners and pay taxes on property located in Dare County, North Carolina. Plaintiffs Brown and Michael are using the properties as a second home. Plaintiff Bailey, Brown, and Edgar are using their property for rental purposes.

3. The Defendant, County of Dare, has purportedly enacted a State of Emergency in connection with the outbreak of the COVID-19 virus. As part of a State of Emergency declaration (filed as Exhibit 2 to the Complaint), the Defendant has prohibited the entry of non-resident property owners. "Check points" manned by law enforcement have been established to prevent the entry of non-residents. However, contrary to the actual wording of the declaration, the Defendant does allow residents living in Dare County, as well as, the counties of Currituck, Hyde, and Tyrrell, to enter Dare County. (See, Exhibit 3 attached to the Complaint). As further stated on the website, the permanent residents of these four counties can enter Dare County "to conduct business, work or attend medical appointments", and further that "No one from Dare, Currituck, Hyde, and Tyrrell County will be denied entry with proper identification". Medical appointments would include medical appointments at The Outer Banks Hospital, which is a privately owned and operated hospital.

4. Effective March 28, 2020, a third Declaration was enacted by the Chairman of the Dare County Board of Commissioners which continued in effect the previous prohibitions on entry of Dare County by non-resident property owners. The declaration further implemented stay at home restrictions on "all individuals anywhere in Dare County". A copy of this third declaration was filed as Exhibit 4 to the Complaint.

5. Under State law, N.C. Gen. Stat. § 166A-19.31, a county must first adopt an ordinance which sets forth the types of restrictions and prohibitions allowed before it can issue declarations as have been done by Dare County. The Defendant has failed to properly adopt such an ordinance. The Defendant did adopt a resolution "amending Chapter 92" of its code of ordinances to include Emergency Management. The Resolution was filed as Exhibit 1 to the

Complaint. However, a resolution is not an ordinance. There is no direct grant of power to a county to enact restrictions in a state of emergency declaration. There must be a valid ordinance to impose restrictions such as those included in the State of Emergency Declarations enacted by the Defendant. As the Defendant failed to properly adopt its Emergency Management Ordinance, the State of Emergency Declarations including their restrictions and prohibitions on entry into Dare County are invalid and *ultra vires*.

6. The Plaintiffs, John P. Bailey, E. Thompson Brown, and Todd A. Edgar and wife, Babette S. Edgar are owners of rental properties in Dare Counties and will be unable to prepare the properties for the spring and summer rental season if they are unable to enter Dare County. Plaintiffs have suffered and are continuing to suffer injury from the challenged actions of Defendant, Dare County, as those actions violate the Plaintiffs' rights under the Privileges and Immunities Clause, Art IV, § 2, cl. 1 of the United States Constitution, by prohibiting Plaintiffs' right to travel in the State of North Carolina, to engage in a common calling, and to obtain medical treatment in Dare County. Each of these rights are specifically given to the residents of Dare, Currituck, Hyde, and Tyrrell counties, but are denied the Plaintiffs as they are out of State residents.

7. The Plaintiffs will suffer irreparable harm due as the actions of the Defendant deprives the Plaintiffs of their Constitutional rights to travel in the State of North Carolina, to engage in a common calling, and to obtain medical treatment in Dare County. Plaintiffs have no plain, speedy, and adequate remedy at law. Damages would not fully redress any harm suffered by Plaintiffs because they are unable to engage in constitutionally protected activities.

8. If this preliminary injunction is granted, the injury, if any, to Defendants will be

inconsiderable.

WHEREFORE, Plaintiffs move the Court as follows:

1. That a preliminary injunction be issued against the Defendant and the Defendant's officers, agents, servants, and employees enjoining the enforcement of the State of Emergency Declarations prohibiting the entry of out of State non-resident property owners into Dare County.

2. That the Defendant and the Defendant's officers, agents, servants, and employees be further enjoined from conducting "check points" to identify out of State non-resident property owners.

3. That the bond requirement of Rule 65 be waived, and Plaintiffs not be required to post bond.

4. For such other and further relief as the Court deems mete and proper.

This the 20th day of April, 2020.

KITCHEN & TURRENTINE, PLLC

/s/ S. C. Kitchen
S. C. Kitchen
920-C Paverstone Dr.
Raleigh, NC 27615
Email: ckitchen@ktlawnc.com
Phone: (888) 308-3708
Fax: (888) 308-3614
N.C. Bar No. 9309

## VERIFICATION

John P. Bailey declares under penalty of perjury:

That the contents of the foregoing Motion are true to his own knowledge, except as to matters stated on information and belief, and as to those matters, he verily believes them to be true.

                               _/s/ John P. Bailey_
                                   John P. Bailey

CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2020, a copy of the foregoing Motion for a Preliminary Injunction was served upon the following person by first class mail:

County of Dare, North Carolina
c/o Robert L. Outten
County Manager/Attorney
P.O. Box 1000
Manteo, NC 27954

                                  KITCHEN & TURRENTINE, PLLC

                                  <u>/s/ S. C. Kitchen</u>
                                  S. C. Kitchen
                                  920-C Paverstone Dr.
                                  Raleigh, NC 27615
                                  Email: ckitchen@ktlawnc.com
                                  Phone: (888) 308-3708
                                  Fax: (888) 308-3614
                                  N.C. Bar No. 9309