IN THE UNITED STATE DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:20-cv-20

JOHN P. BAILEY,                          )
PAUL W. MICHAEL, JR. and wife,           )
SHERYL S. MICHAEL,                       )
E. THOMPSON BROWN,                       )
TODD A. EDGAR and wife,                  )
BABETTE S. EDGAR,                        )
                                         )
    Plaintiffs,                          )
                                         )          MEMORANDUM IN SUPPORT OF
        v.                              )          MOTION FOR
                                         )          PRELIMINARY INJUNCTION
COUNTY OF DARE, NORTH                    )
CAROLINA,                                )
                                         )
    Defendant.                           )
_____

     NOW COME the Plaintiffs, John P. Bailey, Paul W. Michael, Jr. and wife, Sheryl S.

Michael, E. Thompson Brown, Todd A. Edgar and wife, Babette S. Edgar, and file this

Memorandum in support of their Motion for a Preliminary Injunction.

## NATURE OF THE CASE

     This action is brought by Plaintiffs who seek to protect their right to travel, to engage

in a common calling or occupation, and to obtain medical treatment as is guaranteed to them as

citizens of the United States by the Privileges and Immunities Clause, Art. IV, § 2, cl. 1, of the

United States Constitution.  The County of Dare has purportedly enacted a State of Emergency in

connection with the outbreak of the COVID-19 virus.  As part of the State of Emergency, the

Defendant has prohibited the entry of non-resident property owners.

     In addition to the constitutional issue, the Plaintiffs maintain that the declarations issued

by the Defendant, County of Dare, were invalid as the Dare County Emergency Management Ordinance was not adopted in accordance with State law.  The ordinance was adopted by resolution as opposed to an ordinance.

STATEMENT OF THE FACTS

The Plaintiffs are all out of State residents.  The Plaintiffs, E. Thompson Brown and Paul W. Michael, Jr., and wife, Sheryl S. Michael, are residents of the State of Virginia.  The Plaintiffs, Todd A. Edgar and wife, Babette S. Edgar, are residents of the State of Maryland.  The Plaintiff John P. Bailey is a resident of the State of South Carolina.  The Plaintiffs are non-resident property owners and pay taxes on property located in Dare County, North Carolina. Plaintiffs Brown and Michael are using the properties as a second home.  Plaintiffs Bailey, Brown, and Edgar are using their property for rental purposes.

The Defendant, County of Dare, has purportedly enacted a State of Emergency in connection with the outbreak of the COVID-19 virus.  As part of a State of Emergency declaration (filed as Exhibit 2 to the Complaint), the Defendant has prohibited the entry of non-resident property owners.  The Declaration fails to state the reason that the prohibition of non-resident property owners is necessary.   "Check points" manned by law enforcement have been established to prevent the entry of non-residents.  However, contrary to the actual wording of the Declaration, the Defendant does allow residents living in Dare County, as well as, the counties of Currituck, Hyde, and Tyrrell, to enter Dare County.  (See, Exhibit 3 attached to the Complaint). As further stated on the website, the permanent residents of these four counties can enter Dare County "to conduct business, work or attend medical appointments", and further that "No one from Dare, Currituck, Hyde, and Tyrrell County will be denied entry with proper identification".

Medical appointments would include medical appointments at The Outer Banks Hospital, which is a privately owned and operated hospital.

Effective March 28, 2020, a third Declaration was enacted by the Chairman of the Dare County Board of Commissioners which continued in effect the previous prohibitions on entry of Dare County by non-resident property owners. The declaration further implemented stay at home restrictions on "all individuals anywhere in Dare County". A copy of this third declaration was filed as Exhibit 4 to the Complaint.

Under State law, N.C. Gen. Stat. § 166A-19.31, a county must first adopt an ordinance which sets forth the types of restrictions and prohibitions allowed before it can issue declarations as have been done by Dare County. The Defendant has failed to properly adopt such an ordinance. The Defendant did adopt a resolution "amending Chapter 92" of its code of ordinances to include Emergency Management. The Resolution was filed as Exhibit 1 to the Complaint.

ARGUMENT

A. Preliminary Injunction.

In order to be granted a preliminary injunction, the Plaintiffs must show: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest." *Dean v. Leake,* 550 F. Supp. 2d 594, 602 (E.D.N.C. 2008), *appeal dis'm,* 129 U.S. 94 (2008).

The deprivation of a constitutional right is irreparable harm; even if for a short period of time. *Id., citing, Elrod v. Burns,* 427 U.S. 347, 373 (1976). When the allegations are that

constitutional rights are violated, then the likelihood of success on the merits are "inseparably linked" to actual harm such that the inquiry proceeds directly to a consideration of the merits of the Plaintiff's case. *Id.*

      B.  Privileges and Immunities Clause.

      The Privileges and Immunities Clause of the U.S. Constitution, Art. IV, § 2, cl. 1, states that: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."  The purpose of the clause is "to place the citizens of each State upon the same footing with citizens of other States, so far as the advantages resulting from citizenship in those States are concerned." *United Bldg. & Const. Trades Council of Camden Cty. & Vicinity v. Mayor & Council of City of Camden*, 465 U.S. 208, 215–16 (1984).  It should be noted that the terms "citizen" and "resident" are interchangeable for purposes of the Privileges and Immunities Clause jurisprudence. *Id.* at 216.  Further, the Privileges and Immunities Clause applies equally to a local government ordinance, such as is present in this case, as it does to a State statute. *Id.* at 214-15.  Additionally, just because the ordinance at issue discriminates against North Carolina residents who are not permanent residents of the four counties, Dare, Currituck, Hyde, and Tyrrell County, does not insulate the actions taken by the Defendant from constitutional review. As stated by the Supreme Court, the "ordinance is not immune from constitutional review at the behest of out-of-state residents merely because some in-state residents are similarly disadvantaged." *Id.* at 217-18.

      The determination of whether discrimination against out-of-state residents, as in the present case, is actionable is a two-step process.  First, there must be a determination of whether the discrimination "burdens one of those privileges and immunities protected by the Clause." *Id.*

at 218.  In the present case, the Defendant has explicitly stated that residents of the four counties may come into Dare County "to conduct business, work or attend medical appointments."  The Plaintiffs are precluded from entering Dare County for these purposes.  Each of these is a fundamental right secured by the Constitution.

As stated by the Supreme Court, "the pursuit of a common calling is one of the most fundamental of those privileges protected by the Clause."  The Court further noted that work is a "basic and essential activity."  *Id*. at 219.  Four of the six Plaintiffs, Bailey, Brown, and Edgar, seek to enter Dare County to do work on their rental properties.  They each lease or rent out their properties during the spring and summer months.  The Dare County restrictions preclude the Plaintiffs from engaging in this work to prepare their houses for rental and would therefore preclude rental of the properties.  The pursuit of this common calling is protected by the Privileges and Immunities Clause.

The second listed activity allowed by Dare County to residents of the four counties is the ability to attend medical appointments.  The Supreme Court has held that persons "seeking the medical services that are available" in a State are protected by the Privileges and Immunities Clause*. Doe v. Bolton*, 410 U.S. 179, 200 (1973).  As further stated by the Court, "[a] contrary holding would mean that a State could limit to its own residents the general medical care available within its borders. This we could not approve."  *Id.*  Here, the Defendant is attempting to limit general medical care to its own residents.  It is further noted that there is a private hospital in Dare County, The Outer Banks Hospital.  As this is a private hospital, access to the hospital and medical appointments at the hospital come within the definition of general medical care.  As in *Doe*, the prohibition enacted by Dare County restricting medical care to only North

Carolina residents runs afoul of the Privileges and Immunities Clause.

The third right which is implicated is the right to travel by the non-resident property owners to their own property. Freedom to travel is a basic right under the Constitution. *Attorney Gen. of New York v. Soto-Lopez,* 476 U.S. 898, 901 (1986). It has been recognized as being protected by the Privileges and Immunities Clause. *Id.* at 902, *citing, Zobel v. Williams*, 457 U.S. 55, 74 (1982) (O'Connor, J., concurring). The Court there recognized that a restriction that actually deters travel from one state to another implicates the constitutional right to travel. *Soto-Lopez* at 903. In the case at bar, the Plaintiffs are each being deprived of their constitutional right to travel to their own property. Since the destination of the travel by the Plaintiffs is to property owned by the Plaintiffs, this restriction also precludes the Plaintiffs from enjoying the use of the property which is likewise protected by the Privileges and Immunities Clause. *Baldwin v. Fish & Game Comm'n of Montana*, 436 U.S. 371, 380 (1978). The restriction imposed by Dare County to deliberately preclude the right to travel into Dare County by out-of-state residents is an extreme violation of the right to travel, and further violates the Plaintiffs right to enjoyment of their property.

As is shown above, the restrictions imposed by the Defendant discriminates against protected privileges. Therefore, the second step in the test must be met by the Defendant. The Defendant must show that there is a "substantial reason" for the discrimination and "whether the degree of discrimination bears a close relation to them." The discriminatory restriction must be justified by showing that the nonresidents "constitute a peculiar source of the evil at which the statute is aimed." *Mayor & Council of City of Camden*, *supra* at 222. Further, in determining if there is a substantial relationship to the objective, the Defendant must show that there is not less

restrictive means available to accomplish its goal. *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 284 (1985).

The Defendant in enacting the prohibition on entry by non-resident property owners only stated as justification that the additional restrictions were needed to "protect public health and safety from COVID-19." See, State of Emergency Declaration, Exhibit 2 to the Complaint *supra*. There was no justification given in the Declaration, nor was there any showing that less restrictive means were considered. Further, it is not clear why non-resident property owners constitute a peculiar evil in this situation. All residents of the four counties, Dare, Currituck, Hyde, and Tyrrell County, are allowed to travel out of Dare County to areas where COVID-19 may be widespread, and then, the residents are allowed to return to Dare County with no restrictions. However, non-resident property owners cannot travel to their property even if they come from areas that have little or no infections of COVID-19.

Additionally, residents of the three counties, Currituck, Hyde, and Tyrrell County, can enter Dare County for medical appointments even if they have an active case of COVID-19. Whereas, the non-resident property owners are forbidden to enter the County for medical appointments totally unrelated to COVID-19. As stated in *Doe, supra* at 200, the County cannot limit general medical care only to the citizens of the County. Therefore, non-resident property owners seeking medical treatment cannot be a justification for the restrictions on entry as it simply is not a "peculiar source of evil".

There is not a substantial relation between the restrictions placed on the non-resident property owners and the stated goal of protecting the public from COVID-19. Further, it does not appear any lesser restrictions were considered.

C.  Ordinance was not properly adopted.

In order to enact prohibitions and restrictions during a state of emergency, a county must

first adopt an ordinance which permits these prohibitions and restrictions.  N. C. Gen. Stat. §

166A-19.31 (eff. 10-1-2012, amended eff. 7-8-2019).  The Defendant's Code of Ordinances is

online.  The Chapter of the Code of Ordinances which is relevant is called Chapter 92,

Emergency Management.  The authority for the chapter is listed under each section and states

"(Res. 12-12-34, passed 12-3-2012)."  This is the same resolution attached to the Complaint as

Exhibit 1.  There is no indication either in the Resolution or the Code of Ordinances that a

separate ordinance has been adopted by Dare County to effectuate this Chapter 92.

The Court of Appeals has recognized that a resolution and an ordinance are two separate

and distinct government actions.  In *Pittman v. Wilson Cty.*, 839 F.2d 225, 228 (4th Cir. 1988),

the Court explained the distinction as follows:

As noted in a treatise on municipal corporations:

> A 'resolution' is not an 'ordinance,' and there is a distinction
> between the two terms as they are commonly used in charters. A
> resolution ordinarily denotes something less solemn or formal than,
> or not rising to the dignity of, an ordinance. The term 'ordinance'
> means something more than a mere verbal motion or resolution,
> adopted, subsequently reduced to writing, and entered on and made
> a part of the record of the acting body. It must be invested, not
> necessarily literally, but substantially, with the formalities,
> solemnities, and characteristics of an ordinance, as distinguished
> from a simple motion or resolution.

5 E. McQuillin, Municipal Corporations § 15.02, at 37 (3d ed. 1981).

As further noted by the Court, N.C. Gen. Stat. § 153A-45 proscribes specific procedures

for the adoption of ordinances which are not present for the adoption of resolutions.  *Id.*  Also, in

order to amend an ordinance, an instrument of equal dignity, another ordinance, must be passed.

*See*, § 21:4. *Method*, 6 McQuillin Mun. Corp. § 21:4 (3d ed.).

The Declarations which contained the restrictions which are the subject of this suit were issued pursuant to Chapter 92, Emergency Management, of the Dare County Code of Ordinances. As there was no ordinance adopting this Chapter 92, there is no authority for the declarations, and the declarations are therefore *ultra vires* and invalid.

<u>CONCLUSION</u>

As the Declarations of Dare County are in violation of the Privileges and Immunities Clause of the United States Constitution, and the Plaintiffs have satisfied the requirements for a preliminary injunction, a preliminary injunction should properly be issued against the Defendant and the Defendant's officers, agents, servants, and employees enjoining the enforcement of the State of Emergency Declarations prohibiting the entry of out of State non-resident property owners into Dare County. The injunction should further enjoin the Defendant and the Defendant's officers, agents, servants, and employees from conducting "check points" to identify out of State non-resident property owners.

Respectfully submitted this the 20th day of April, 2020.

KITCHEN & TURRENTINE, PLLC

<u>/s/ S. C. Kitchen</u>
S. C. Kitchen
920-C Paverstone Dr.
Raleigh, NC 27615
Email: ckitchen@ktlawnc.com
Phone: (888) 308-3708
Fax: (888) 308-3614
N.C. Bar No. 9309

-10-

CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2020, a copy of the foregoing Motion for a Preliminary

Injunction was served upon the following person by first class mail:

County of Dare, North Carolina
c/o Robert L. Outten
County Manager/Attorney
P.O. Box 1000
Manteo, NC 27954

KITCHEN & TURRENTINE, PLLC


/s/ S. C. Kitchen
S. C. Kitchen
920-C Paverstone Dr.
Raleigh, NC 27615
Email: ckitchen@ktlawnc.com
Phone: (888) 308-3708
Fax: (888) 308-3614
N.C. Bar No. 9309